McINNIS, Judge.
The demand in this suit is for $4,500 for personal injury and $41.50 for medical ex *79 pense, arising out of an automobile accident, in which a collision occurred between a 1950 Chevrolet coach owned by plaintiff’s father, and being driven at the time by plaintiff, and a 1950 Buick sedan owned and being driven by defendant at an intersection of State Highway 1561 and a Parish road, near McGinty in Morehouse Parish.
Charges of negligence against defendant are set out in paragraph three of the petition as follows:
“1. That said defendant, Garland G. Stell, was driving at an excessive rate of speed at the time of the accident.
“2. That said defendant failed to keep the proper lookout considering the fact that Louisiana Highway 1561 had the right of way.
“3. That said defendant failed to slow down for the intersection as required under the conditions that prevailed.”
A plea of vagueness was filed, tried and overruled. An exception of no cause and no right of action was then filed, tried and overruled. These exceptions are not urged here, and will be considered as abandoned.
Defendant then answered, denying all allegations of negligence charged to him, and alleges -that negligence of plaintiff caused the collision. In the alternative, if defendant is held guilty of any negligence that plaintiff was also guilty of negligence contributing to the happening of the accident, in the following particulars :
“(a) failed to keep a proper lookout when approaching the uncontrolled intersection ;
"(b) was travelling at a grossly excessive speed under the circumstances ;
“(c) failed to apply his brakes or swerve his vehicle or otherwise to take any action whatsoever to control his vehicle or avoid collision, when he could have stopped, turned right or driven past the front of the Stell automobile had he been attentive and had his automobile under proper control.”
As plaintiff in reconvention, defendant alleges that the accident was caused solely by negligence of plaintiff, as set forth in the answer, and that his automobile was damaged to the extent of $511.40 for which he should have judgment against plaintiff. In the further alternative defendant alleges that plaintiff had the last clear chance to avoid the collision, and that his failure to do so was the proximate cause of the collision and resulting damage to defendant’s automobile.
After a trial on the merits in the district court, Judge Heard, assigning written reasons, rejected the demand of the plaintiff and the reconventional demand of defendant From the judgment both plaintiff and defendant have perfected devolutive appeals to this court from the part of the judgment unfavorable to each of them.
There is very little dispute as to the facts of the case, and the district judge has set forth the facts in his written opinion, and being in agreement with his finding, we take the liberty of adopting his version of the facts, as follows:
“There is very little dispute as to how the accident happened. State Highway No. 1561 runs generally in a northerly and southerly direction. The Parish highway runs generally in an easterly and westerly direction intersecting and crossing Highway 1561. Both highways are gravel and there are no signs on either road indicating that there is an intersection. There are no obstructions on the west side of Highway 1561, south of the Parish road other than a thorn tree and several mail boxes, nor are there any obstructions whatsoever on the south side of the Parish road west of Highway 1561.
“On August 22, 1951, Harry Glen Crossley was driving north on Highway 1561, traveling toward the intersection in his father’s Bel Air coupe, at a rate of between 45 and 50 miles per hour. The weather was clear and dry.
*80 “Mr. G. Garland Stell was driving his 1950 Buick fordor Roadmaster on the Parish road in an easterly direction toward the ■ intersection at about 30 miles per hour. As the defendant, Stell, approached the intersection, he looked toward the north or to his left for traffic on the State highway, stating that he saw duSt in that direction and thought perhaps there was a car approaching. When" within about 30 feet of the intersection, the defendant looked: toward his right and saw Cross-ley’s car and' immediately applied his brakes, skidding about 20 feet into the intersection, the front of the car striking the Crossley car about the back side of the left door. The defendant stated that in his opinion his car had stopped.
■ “The Stell car never moved from the point of impact after the accident. It was standing with the front end approximately a little left of’the center of the State highway. .
“The plaintiff, Crossley, stated that as he drove toward the intersection, he never slackened his speed nor did he look to the right or to the left to ascertain whether there was any traffic approaching on the Parish road.
“After the impact, the Crossley car traveled aproximately 30 feet north of the intersection, coming to rest in the road upside down.”
In addition, plaintiff testified that he never .did see defendant’s automobile before the collision occurred.
From the above facts plaintiff’s counsel reaches thé conclusion, and contends that the negligence of1 defendant, as found by the district judge, was the proximate cause of the collision and resulting damage, 'and that if plaintiff was guilty of any negligence such negligence was not a proximate or contributing cause, contending that defendant was under the duty to stop, at the intersection, though there was no stop sign there; and that;as plaintiff was approaching from the right, he had the, right-of-way over defendant. Cited in support of this contention is LSA-R.S. 32:237, subd. A, reading as follows:
“When two vehicles approach or enter an intersection at approximately ■the same time, the driver approaching from the right shall have the right of way. The driver of any vehicle traveling at an-unlawful rate of speed.or in an unlawful manner shall forfeit any right of way which he might otherwise have.”
In further support of the contentions made we are referred to the cases of Jackson v. Cook, 189 La. 860, 181 So. 195 and Rottman v. Beverly, 183 La. 947, 165 So. 153. In the first cited case it was held that “The duty of those in charge of automobiles to look ahead and observe never Ceases, and in legal contemplation what they can see they do see, and the failure to see that which could have, been seen by the exercise of due diligence does not absolve the motorist from liability.”
These cases both arose as a result of injury to pedestrians by being struck by an automobile, where the negligence of the pedestrian continued down ■ to the moment of the accident, and these are some of the first cases in which a plaintiff whose negligence continued down to the moment of the accident was allowed to recover. It was held that if defendant discovered the perilous situation of plaintiff, or by due diligence could and should have done so, it was his duty to avoid the accident, and failing so to do he will be held liable, it being held that the negligence of plaintiff is the remote cause, and the last clear chance doctrine applies.
Counsel for defendant say in brief that the only question for us to decide is whether there was any negligence on the part of defendant which was a proximate cause of the accident. We agree with counsel that operators of motor vehicles approaching such an intersection as the one where this accident occurred are- legally required to take reasonable precaution to protect themselves and others. It is contended that defendant was doing this. Defendant *81 testified that he was approaching the intersection at a speed of 30 miles an hour, and that he slowed down without applying the brakes. When some distance from the intersection he saw a cloud of dust to his left, and thought the vehicle raising this dust might be approaching the intersection, but discovered it was traveling away from the intersection. By that time he was near the intersection, and looking to his right he saw plaintiff approaching from that direction at a rapid rate of speed, and immediately applied the brakes and skidded into the intersection, to about the center, where the collision occurred. His automobile stopped and the other one went on north some 30 feet and overturned. Defendant thinks his automobile had stopped at the time of the collision. In this connection it is argued that defendant could not look both to the right’ánd left at the same time, and that he could not safely turn his’ attention- to- the right until satisfied that there was no danger from the left. ' We are reminded that there was no unqualified duty on the part of Stell to stop at this intersection before entering it, and this is true in the sense that there were no stop signs requiring him to stop, however he was familiar with this intersection; he was put on notice by the cloud of dust to his left; he knew there was danger of traffic approaching from either direction. ,
Riding in the automobile with plaintiff was one Kenneth Bray, who was not called by plaintiff as a witness though he was living in Morehouse Parish at the time, and counsel argue that the failure to call him raises the presumption that his testimony would have been unfavorable to plaintiff. We are familiar with the rule that failure to call an available witness raises such presumption. However in this instance we believe the explanation offered by plaintiff for not calling him. relieves plaintiff of this presumption. -Bray’s mental condition was said to be bad and he had been committed to Central Louisiana Hospital in 1951; but apparently released before the date of this trial.
Consideration of all the evidence and the argument of counsel leaves us with the firm opinion that both plaintiff and defendant were guilty of negligence contributing to the happening of the collision, and that this negligence continued down to the time of the collision. No other logical conclusion can be reached.
For these reasons the judgment of the district court is affirmed at the cost of plaintiff in both courts.