McINNIS, Judge.
Plaintiff’s 1950 Buick automobile was damaged in an accident, the facts of which are set forth in our opinion in Crossley v. Stell, 69 So.2d 78. Only the front part of the automobile was damaged in the accident, including damage to the radiator, causing the water to leak out.
Immediately following the accident and before either automobile had been moved, plaintiff was carried to a hospital in Bas-trop. State Trooper, W. E. Brodnax called a wrecker from Bastrop 25 miles away to move the damaged automobiles to clear the highway. The Chevrolet automobile was first moved from the scene, and then plaintiff’s automobile was towed to Houston Motors, Buick dealer in Bastrop. On arrival there, being towed by a wrecker, being driven by defendant Briggs, the automobile, equipped with Dynaflow transmission, was extremely hot about the motor and hood, *83 was emitting smoke from the vicinity of the transmission and leaking oil from the transmission. The gear shift indicator was in “drive” gear.
It is alleged that the Dynaflow transmission of the automobile was water cooled, and so constructed that movement while in gear causes the motor to turn whether the motor has been started or not, causing the same functioning as when the motor is running, necessitating water circulation to prevent overheating and friction, and that such cars are to be towed in neutral gear.
It is further alleged that immediately after the automobile arrived at the motor company its transmission was checked and found to be damaged by heat and friction to such an extent that complete replacement was necessary, including oil in the new transmission, at a cost of $347.75, and that a charge of $25.50 was paid to M. O. Ingram for towing the automobile.
Separate answers were filed by the defendants, in which the substantial allegations of the petition are denied, and Briggs alleges that he has been employed as a wrecker driver for several years during which time he has towed most makes, including cars with Dynaflow transmission; that before attempting to move plaintiff’s automobile he first checked the gear shift indicator to be sure it was in neutral gear, and that he then proceeded to tow it to Bastrop. That somewhere between the scene of the accident and Bastrop the gear changed to drive gear, and was in drive gear when he arrived at Bastrop; that he did all that could be reasonably required under the circumstances, in that he took precautions to see that the gear was neutral before moving the car, and that the change from neutral to drive gear occurred during the course of the towing and- was not due to any act of negligence on his part.
After trial on the merits there was judgment in the district court rejecting plaintiff’s demand and he has perfected a devolu-tive appeal to this court.
There is no conflict in the evidence as to the salient facts of the case. It was suggested by witnesses for the defendants that as a result of the damage the Buick car sustained in the collision the gear shift lever might have indicated neutral when it was actually in drive gear, or that the gear changed to drive during the tow, as a result of this damage, but there is no sound proof of either suggestion. In fact, Briggs in his answer says that the gear shifted from neutral to drive somewhere between the. scene of the accident and Bastrop, probably he says, because the car had been in the accident. (Emphasis ours.) Both defendants knew that these cars should be towed only in neutral gear, and Briggs was specially instructed to that effect. Some evidence was offered to show that at times the indicator of this type car shows one gear when it is actually in another gear, but Mr. Homer Houston, Buick dealer in Bastrop, testified that he has had experience with Dynaflow drive automobiles, and has attended schools of instruction held by the manufacturers of Buick automobiles for dealers and mechanics, and he says this will not happen unless there is mechanical intervention by a mechanic. He admits the possibility of the gear changing from neutral to drive during a tow, and says that on a long tow it is customary to clip the neutral gear in place so it cannot change.
Plaintiff of course knows nothing of the position of the gear. He did not engage defendants to tow the car. They undertook the tow at the request of Trooper Brodnax.
The district judge evidently concluded that the defendants were not guilty of any negligence, else he would not have rejected plaintiff’s demand.
Counsel for plaintiff ádmits that he has found no case in this state dealing with an exact factual situation, and our search for a similar case has been fruitless. Counsel likens this case to those cited, dealing with parking lots, garages, service stations and other such agencies which, by virtue of their business operation, have occasion *84 to keep or service the vehicles of others, in which such persons have been held to be compensated depositaries, in which capacity they are required to exercise the same degree of care as in the use and. protection of their own property, and it is contended that they are liable both as tort-feasors and depositaries, for negligence, resulting in damage to property of depositors. Gulf & Ship Island R. Co. v. Sutter Motor Co., 12 La.App. 495, 126 So. 458; Union Indemnity Company v. Blaise Downtown Storage, 18 La.App. 295, 138 So. 226; Potomac Insurance Company v. Blaise, La.App., 181 So. 629; Kaiser v. Poche, La.App., 194 So. 464; Miller v. Hammond Motors, La.App., 40 So.2d 29; Continental Insurance Company v. Himbert, La.App., 37 So.2d 605; Miller v. Margot, La.App., 42 So.2d 916.
These cases refer- to the application of the res ipsa loquitur doctrine as applied to storage and garage businesses, etc. For a full discussion of the doctrine of res ipsa loquitur, see Anderson v. London Guarantee & Accident Co., La.App., 36 So.2d 741, where numerous cases from this and other jurisdictions are cited and discussed. The cited case reversed judgment of the district court, holding that no negligence had been proven against defendant’s insured. The holding that negligence on the part of the defendant must be proved appears to be well settled. Cited, among many others, is the case of Ross v. Tynes, La.App., 14 So.2d 80, 81, from which we quote:
“In other words, when an injury is caused by an instrumentality under the exclusive control of the defendant, as in this case, and it is such as would' not ordinarily happen if the party having cpntrol of the instrumentality had used proper care, there arises an inference or presumption -of negligence. Whether the evidence is such as to exonerate the defendants remains to be seen.”
The result of this is that some negligence, either active or passive, must be shown, on the part of the defendant. There must be a showing that the accident is of a nature which does not ordinarily occur when due care is exercised.
With -this in mind we proceed to an examination of the facts in this case. The defendant driver and his employer were aware of the fact that this type of automobile must be towed only in'neutral gear. The driver knew of the damaged condition of the automobile. His contention that the gear shift changed to drive because of its damaged condition should have caused him to use extra care in making the tow. Our conclusion is that he did not do this, and consequently he was negligent. We further find that the evidence is not such as to exonerate' him from liability.
Usually these towing.operations are required by some disability to the automobile, most frequently resulting from accidents. Persons employing wrecker service for compensation have the right to expect that the vehicle towed will not be further damaged by the towing operation.
For these reasons the judgment appealed from is annulled and set aside, and-it is now ordered, adjudged and decreed that plaintiff, G. G. Stell, have and recover judgment against the defendants Ossie Briggs and M. O. Ingram, in solido for the sum of $347.75, with legal interest thereon from date of judicial demand, together with all costs of this proceeding in this court and in the district court ,